IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| XAVIER PITTS, #11008852,<br>　　　Petitioner, | §<br>§<br>§ | |
| v. | § | 3:11-CV-0171-B (BK) |
| | § | |
| AMBER McCHAREN, Dallas II District<br>Parole Officer,<br>　　　Respondent, | §<br>§<br>§ | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. For the reasons set out below, it is recommended that the District Court summarily dismiss the *pro se* petition for writ of habeas corpus for failure to exhaust state court remedies.

**I. BACKGROUND**

Petitioner, a state pretrial detainee presently confined at the Dallas County Jail, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, naming as Respondent Amber McCharen, Parole Officer at the Dallas II District Parole Office of the Texas Department of Criminal Justice, Parole Division. (Am. Pet., Doc. 6 at 1.) No process was issued. However, to obtain information about the factual basis of the petition, the Court submitted a questionnaire to Petitioner, who has now filed his answers thereto. (Doc. 8.)

In October 2009, Petitioner was released on parole after serving fifteen years of a sixteen-year sentence for aggravated assault on a peace officer in *State v. Pitts*, No. F95-03861 (Criminal District Court No. 5, Dallas County). (Doc. 8 at Answer 5.) A year later, he was arrested on a

parole violation warrant, and incarcerated at the Collin County Detention Facility in McKinney, Texas. (*Id.*) Unable to obtain a preliminary parole revocation hearing or appointment of counsel, after 85 days of incarceration, Petitioner filed the original petition in this case. (Doc. 1 at 3-4.) Shortly thereafter, Petitioner was transferred to the Dallas County Jail and indicted for felony robbery in *State v. Pitts*, No. F10-73211-FL (Criminal District Court No. 5, Dallas County, 2011). (Doc. 8 at Answer 1.) In addition, he was charged with misdemeanor assault/family violence. *See State v. Pitts*, No. MA10-72585-ML (Criminal County Court No. 10). As a result of the parole violation warrant, Dallas County placed a "hold" on Petitioner's jail record in favor of the Texas Department of Criminal Justice. (Doc. 8 at Answer 4(b).)[1]

In his amended petition, Petitioner states Respondent denied him a timely preliminary parole revocation hearing and appointment of counsel. (Doc. 6 at 6.) He, thus, requests a discharge of his sixteen-year sentence, and a personal recognizance bond or release on the new criminal charges pending against him. (Doc. 6 at 7.) Alternatively, he requests that his bond on the new charges be lowered. (*Id.*)

## II. DISCUSSION

### A.  Preliminary Parole Revocation Hearing Claim is Unexhausted

Denial of a preliminary parole revocation hearing is cognizable in a habeas corpus proceeding under 28 U.S.C. § 2254 after exhaustion of all available state court remedies. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and

---

[1] Petitioner's jail record and criminal docket sheets are available online on the Dallas County website.

prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner challenging the denial of a preliminary parole revocation hearing may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals (TCCA) in an application for a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See Ex parte Cordova,* 235 S.W.3d 735, 736 (Tex. Crim. App. 2007).

Petitioner has not satisfied the exhaustion requirement. The amended petition reflects he did not seek state habeas relief. (Doc. 6 at 2.) In addition, an online search confirms Petitioner did not file a state habeas application in either the trial court or the TCCA. Therefore, the TCCA has not had an opportunity to consider the merits of Petitioner's claim relating to the denial of a preliminary parole revocation hearing, and it remains unexhausted. Having failed to exhaust, his request for habeas relief should be dismissed without prejudice to Petitioner's right to re-file after exhausting his state court remedies.

### B. Pretrial Bond Claim is also Unexhausted

To the extent Petitioner challenges the length or constitutionality of his confinement based on his inability to post a pretrial bond, his claim is cognizable in a pretrial habeas corpus proceeding under 28 U.S.C. § 2241(c). *See Keith v. Cotton*, 2009 WL 1288417, at * 1 (N.D. Tex. May 8, 2009) (No. 3:09-0199-M) (pretrial habeas corpus action challenging reasonableness of pre-trial bond); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (section 2241(c)

applies to person in custody regardless of whether final judgment has been rendered and regardless of present status of case pending against him). To be eligible for pre-trial habeas relief, a petitioner must have been "in custody" at the time of filing the action, and must have exhausted his available state court remedies. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89, 503-04 (1973); *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (despite absence of exhaustion requirement in section 2241, federal courts have "judicially crafted" the exhaustion doctrine).[2]

Here, Petitioner cannot meet the exhaustion requirement. The remedy available on a claim that bail is excessive is via a writ of habeas corpus filed in the state court in which the criminal case is pending. *Ex parte Tucker,* 977 S.W.2d 713, 715 (Tex. App. -- Fort Worth, 1998) (citing *Ex parte Gray,* 564 S.W.2d 713, 714 (Tex. Crim. App. 1978)). In the event of a denial, an appeal can be brought in the TCCA.

Petitioner concedes he did not exhaust his state court remedies. (Doc. 8 at Answer 6(b).) In addition, an online search confirms Petitioner did not file a state habeas application in either the state trial court or the TCCA. Accordingly, any claim for pre-trial habeas corpus relief should be dismissed without prejudice for failure to exhaust state court remedies.

---

[2] It is only in the post-trial setting that exhaustion is mandated by statute. *Compare* 28 U.S.C. § 2254(b) with 28 U.S.C. § 2241(c)(3).

## III.  RECOMMENDATION

For the foregoing reasons, the District Court should **DISMISS** the petition for writ of habeas corpus for failure to exhaust state court remedies.

SIGNED March 28, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE